# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MICHAEL PHILLIPS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF COUNTY COMMISSIONERS )<br>OF TULSA COUNTY, )<br>VIC REGALADO, *Sheriff*, and )<br>DAVID B PARKER, *Jail Administrator*, )<br>)<br>Defendants. ) | Case No. 18-CV-671 JED-FHM |

## OPINION AND ORDER

Before the Court is James Michael Phillips' amended *pro se* civil rights complaint (Doc. 8). He contends Defendants cancelled the Tulsa County Jail's Westlaw subscription, in violation of his First Amended right to access courts. Having reviewed the amended complaint *sua sponte* under 28 U.S.C. § 1915, the Court finds it fails to state a claim for which relief may be granted.

**I. Background**

Plaintiff filed his original civil rights complaint on December 26, 2018. (Doc. 1). He also filed a motion to proceed *in forma pauperis.* (Doc. 2). By a Memorandum Opinion and Order entered May 1, 2019, the Court granted the motion; dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915; and *sua sponte* granted leave to file an amended complaint. (Doc. 7). Plaintiff filed an amended complaint on June 10, 2019. (Doc. 8). He again asserts prison officials denied his right of access to courts. The amended complaint alleges the following facts, which the Court accepts as true for the limited purpose of this ruling.

In 2018, Plaintiff was detained at the David L. Moss Criminal Justice Center (the "Jail") in Tulsa, Oklahoma. (Doc. 8 at 6). Plaintiff was awaiting trial on an Oklahoma robbery charge, case no. CF-2015-4665. (*Id.*). He elected to represent himself in that case and was using the Jail's Westlaw subscription to assist in his own defense. (*Id.* at 6, 8). Plaintiff was also preparing a state habeas petition challenging an unrelated conviction in Kansas. (*Id.* at 6). On or about July 23, 2018, Plaintiff visited the law library and discovered the Jail's Westlaw subscription had been cancelled. (*Id.*). Plaintiff complained that without Westlaw, inmates could not access any case law or current statutes. (*Id.*). Jail Administrator David Parker assured Plaintiff the subscription would be renewed in three to four weeks. (*Id.*).

On or about August 30, 2018, Parker informed Plaintiff that the Jail would not renew its Westlaw subscription. (Doc. 1 at 6). In lieu of Westlaw, an employee of the Tulsa County Sheriff's Office was assigned to perform legal research for inmates using Google, an internet search engine. (*Id.*). Plaintiff believed Google was inappropriate. (*Id.* at 7). To demonstrate his point, Plaintiff asked Parker to retrieve a specific case, which he could not locate. (*Id.*). Plaintiff provided notice of the inadequate law library to the Tulsa County Board of Commissioners and Tulsa County Sheriff Vic Regalado. (*Id.* at 7-8). Defendants did not immediately respond or restore Westlaw. (*Id.*). Plaintiff contends the inadequacy of the law library impeded his ability to present a *pro se* defense his Oklahoma robbery case. (*Id.* at 8-9). He was convicted of the Oklahoma robbery charges. (*Id.* at 9).

Plaintiff further alleges that the stress of not having Westlaw caused him to experience worry, anxiety, weight loss, sleeplessness, mood swings, difficulty concentrating, crying, social isolation, and paranoia. (Doc. 1 at 9). The amended complaint seeks over $114,000 in damages from Parker; Regalado; and the Tulsa Count Board of Commissioners. (*Id.* at 1, 3).

## II. Accepting the Untimely Pleading

As an initial matter, Plaintiff sent a letter dated June 5, 2019 asking the Court to screen his untimely Amended Complaint on the merits. (Doc. 9). The Amended Complaint was due on May 31, 2019, but Plaintiff filed it on June 10, 2019. (Doc. 7; *see also* Doc. 8). Plaintiff explains that he had an issue with postage at his new prison. (Doc. 9 at 1). The Court finds good cause to grant Plaintiff's request, and the Amended Complaint will be deemed timely.

## III. Review of the Amended Complaint

### A. Screening Standards

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

Because plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on

which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, the generous construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* The Court need not accept "mere conclusions characterizing pleaded facts," *see Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990), and it will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. The Amended Complaint Still Fails to State a Claim**

The crux of the Amended Complaint is the same as the original Complaint. Plaintiff alleges Defendants violated his constitutional rights by refusing to provide a Westlaw subscription at the Jail. As previously noted, this claim implicates the right to access courts under the First Amendment and the Due Process Clause. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (analyzing the claim under the First Amendment and Due Process Clause); *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985) (acknowledging a due process right exists for pretrial detainees, but looking to First Amendment principles). A plaintiff must demonstrate he was denied "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," and that the denial of access caused actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-352 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

In its May 1, 2019 Memorandum and Opinion, the Court found the original Complaint did not demonstrate why the Jail's legal materials were inadequate or how prison officials prejudiced

4

his litigation efforts.[1] The Amended Complaint includes three new facts to overcome these deficiencies. First, Plaintiff contends he asked Parker to retrieve a specific case from Google, which Parker could not find. (Doc. 1 at 7). Second, Plaintiff alleges his robbery trial setting was continued for several months as "a direct result of [his] inability to access case law and other legal materials…." (*Id.* at 8). Finally, he alleges that without Westlaw, he was unable to compose "essential pretrial motions" and "adopt positions pertaining to critical motions filed by the State [in his criminal trial], including motions to introduce evidence of other crimes … and also a motion in limine." (*Id.* at 9). Plaintiff was ultimately convicted in the Oklahoma robbery case, which he believes is traceable to his lack of Westlaw access.[2] (*Id.*).

Assuming these additional allegations are true, the Amended Complaint still fails to state a cognizable lack-of-access claim. The right of access focuses on whether legal resources are so inadequate that the plaintiff is effectively "shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). *See also Bounds v. Smith,* 430 U.S. 817, 828 (1977) ("Our main concern here is protecting the ability of an inmate to prepare a petition or complaint") (quotations omitted). The constitution "does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action … or a [habeas] petition," *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995), nor does it guarantee that inmates can "*litigate effectively* once in court." *Lewis*, 518 U.S. at 354 (emphasis in original). Moreover, the right to access courts is evaluated in conjunction with the Sixth Amendment right to counsel. The Tenth Circuit has held that the

---

[1] As previously noted, "the full text of nearly all legal authority … is available via Google Scholar, which is … completely free." *Catz v. Chalker*, 2011 WL 13301955, at *3 (D. Ariz. Apr. 7, 2011), *aff'd*, 512 Fed. App'x 693 (9th Cir. 2013).

[2] Unlike the original Complaint, the Amended Complaint does not attempt to demonstrate the lack of Westlaw access prejudiced Plaintiff's Kansas habeas petition. The Amended Complaint also abandons any claim relating to Plaintiff's placement in the segregation unit.

5

"provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Cooper*, 375 F.3d 1041, 1051–52 (10th Cir. 2004). "When a prisoner voluntarily … waives his right to counsel in a criminal proceeding, he is not entitled to access to a law library or other legal materials." *Id.*

Plaintiff waived counsel in the Oklahoma robbery case, and there is no indication he regrets the decision or that it was otherwise involuntary. He therefore has not demonstrated that an inadequate law library prejudiced his right-of-access or caused him to be convicted in that case. The Amended Complaint also contains no allegations that the lack of Westlaw access prejudiced Plaintiff's Kansas habeas petition. Plaintiff's lack-of-access claim therefore fails, and the Amended Complaint must be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's Amended Complaint (Doc. 8) is **deemed timely**.

2. The Amended Complaint is **dismissed with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3. The Court will enter a separate judgment closing this civil case.

ORDERED this 30th day of December, 2019.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT